IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| AWP, INC., an Ohio Corporation, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| SOUTHEASTERN TRAFFIC SUPPLY, LLC, BRIAN SINAR, AUGUSTO SIKAFFY, DANIEL JEZIORKOWSKI, TIMOTHY DAVENPORT, ROSS SMITH and JOHN DOES 1 THROUGH 10. | )<br>)<br>) Cause No. 8:19-cv-01516-MSS-JSS<br>)<br>)<br>)<br>) |
| Defendant. | ) |

## **MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT TIMOTHY DAVENPORT**

Plaintiff AWP, Inc., ("AWP") through counsel and pursuant to Federal Rule of Civil Procedure 55(b) and Local Rule 1.07(b), hereby moves for entry of default judgment against Defendant Timothy Davenport ("Davenport"). In support of said motion, plaintiff shows as follows:

1. On August 26, 2019 the Clerk entered default against Davenport (Doc. 29).

2. Local Rule 107(b) provides, in relevant part:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, the party effecting service shall promptly apply to the Clerk for entry of default pursuant to [F.R.Civ.P. 55(a)], and shall then proceed without delay to apply for a judgment pursuant to [F.R.Civ.P. 55(b)].

3. Federal Rule of Civil Procedure 55(b) provides that where the default judgment being sought is not for a sum certain, the party seeking the judgment must apply to the Court, not the Clerk. Rule 55(b) further provides that the Court may conduct hearings if it needs to determine the amount of damages.

4. Because Local Rule 107(b) directs AWP to apply for a default judgment without delay after entry of default, AWP is filing this Motion now.

5. AWP is generally aware of the amount of business loss that it has suffered because of Defendants' collective conduct. AWP, however, lacks information it can use to determine which of its business losses were caused by Davenport's wrongful conduct as opposed to the wrongful conduct of the other Defendants. AWP needs that information in order to calculate damages attributable to Davenport, and that information is possessed by STS and the other Defendants.

6. Because Davenport has not appeared, AWP has been unable to obtain any information from him. AWP also has been unable to obtain information from the other Defendants at this early stage in the litigation because they answered only recently. Indeed, the appearing parties' deadline to meet and prepare their Case Management Report does not run until September 23, 2019, and the appearing parties' attorneys are scheduled to meet for that purpose on September 18, 2019. Under Local Rule 3.05(c)(2)(B), of course, AWP is prohibited from conducting any discovery until that meeting occurs.

7. Because Local Rule 107(b) imposes on AWP an obligation to file this motion promptly after entry of default against Davenport, and because a hearing will be needed to determine damages, and because AWP needs discovery before it can determine the damages

GORDON & REES SCULLY MANSUKHANI
100 SE Second Street ▪ Suite 3900 ▪ Miami, FL 33131

caused by Davenport as opposed to the other Defendants, AWP respectfully requests that the Court schedule a hearing on this default judgment motion for a date after discovery closes.

WHEREFORE, AWP respectfully requests that the Court enter default judgment against Davenport in an amount to be determined at a hearing to be conducted following the close of discovery.

Respectfully submitted this 9th day of September, 2019.

                                        *s/ Jacqueline M. De Leon*
                                        Robin Taylor Symons, Esq,
                                        Florida Bar No. 356832
                                        Rsymons@gordonrees.com
                                        Jacqueline M. De Leon, Esq.
                                        Florida Bar No. 115576
                                        Jmdeleon@gordonrees.com
                                        GORDON & REES
                                        SCULLY MANSUKHANI
                                        100 SE Second Street, Suite 3900
                                        Miami, Florida 33131
                                        Tel: 305-428-5330  Fax: 877-644-6209
                                        *-and-*
                                        Jack. M. Strauch, admitted *Pro Hac Vice*
                                        jstrauch@sgandm.com
                                        R. Austin Oyler, admitted *Pro Hac Vice*
                                        aoyler@sgandm.com
                                        Strauch Green & Mistretta, P.C.
                                        154 Dornach Way
                                        Bermuda Run, NC 27006
                                        Tel: 336-837-1061  Fax: 336-725-8867
                                        ***Counsel for Plaintiff AWP, Inc.***

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2019, the foregoing document was filed with the Clerk of Court by using the CM/ECF system, that will serve a true and correct copy by electronic notice on all counsel or parties of record listed on the Service List below.

*s/ Jacqueline M. De Leon*
Jacqueline M. De Leon, Esq.

Service List

Carlotta J. Roos
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Ste. 5300
Miami, FL  33131-2339
croos@morganlewis.com
*Counsel for Defendants Southeastern Traffic Supply, LLC Brian Sinar, Augusto Sikaffy, Daniel Jeziorkowski, Ross Smith*

Timothy Davenport
5400 Coraci Blvd.
Unit 5204
Port Orange, FL 32128
Tdavenport24@gmail.com